## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## KNOXVILLE DIVISION

JONATHAN E. BUCHANAN,           §
                                §
            Plaintiff,          §           No.: 3:19-CV-262
                                §           *Jury Demanded*
vs.                             §
                                §
NORFOLK SOUTHERN RAILWAY        §
COMPANY, a corporation          §
                                §
            Defendant.          §

## ANSWER

Comes the Defendant, Norfolk Southern Railway Company and says as follows:

(1)     At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

(2)     The allegations of Paragraph 2 of the Complaint are admitted.

(3)     The allegations of Paragraph 3 of the Complaint are admitted.

(4)     The allegations of Paragraph 4 of the Complaint are admitted.

(5)     It is admitted that Plaintiff brings this action pursuant to the Federal Employers Liability Act. Jurisdiction is admitted.

(6)     The allegations of Paragraph 6 of the Complaint are admitted.

(7)     The allegations of Paragraph 7 of the Complaint are admitted.

(8)     The allegations of Paragraph 8 of the Complaint are admitted.

(9)      It is admitted that another employee of the Defendant was operating a scrap buggy machine that did not stop and it made contact with a machine behind Plaintiff's machine

1

which made contact with the Plaintiff. The remaining allegations of Paragraph 9 of the Complaint are denied.

(10)    It is admitted Plaintiff's machine made contact with the Plaintiff. At this time the Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10 of the Complaint.

(11)    At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

(12)    At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

(13)    At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and each of its sub-paragraphs.

(14)    At this time, the allegations of Paragraph 14 of the Complaint are denied.

(15)    At this time, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and each of its sub-paragraphs.

## SECOND DEFENSE

(16)    The Defendant reserves the right to rely upon the defense of negligence on the part of the Plaintiff.

## THIRD DEFENSE

(17)    The Defendant reserves the right to rely upon the Doctrine of Failure to Mitigate after engaging in preliminary pretrial discovery procedures.

2

## FOURTH DEFENSE

(18)   Plaintiff's medical expenses have been paid by and pursuant to an agreement between the Defendant and Plaintiff's Union and Plaintiff would not be entitled to a recovery for medical expenses.

## FIFTH DEFENSE

(19)   The Defendant reserves the right to plead further after engaging in preliminary pretrial discovery procedures.

WHEREFORE, the Defendant, Norfolk Southern Railway Company, prays that it be dismissed and demands trial by jury.

> BAKER, O'KANE, ATKINS & THOMPSON, PLLP
>
> S/   John W. Baker, Jr., Esq., BPR #001261
> Emily L. Herman-Thompson, Esq., BPR #021518
> *Attorneys for Defendant*
> 2607 Kingston Pike, Suite 200
> P.O. Box 1708
> Knoxville, Tennessee 37901-1708
> (865) 637-5600-Office
> (865) 637-5608-Fax
> E-Mail: jbaker@boatlf.com
> E-Mail: ethompson@boatlf.com

## CERTIFICATE OF SERVICE

I hereby certify that on *August 28, 2019* a copy of the foregoing *Answer*, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> S/ John W. Baker, Jr., Esq.